THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. FRED SCHUPPERT, Defendant-Appellant.

Fifth District   No. 5—90—0528

Opinion filed August 23, 1991.—Rehearing denied September 25, 1991.

716

Fred Schuppert, of Mason, appellant *pro se*.

Paula Phillips, State's Attorney, of Effingham (Kenneth R. Boyle, Stephen E. Norris, and Diane L. Campbell, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE RARICK delivered the opinion of the court:

Defendant, Fred Schuppert, was charged with conducting a marriage ceremony, knowing that his performance was not authorized by law, in that the celebrants had not obtained a marriage license, in violation of section 32—6(a) of the Criminal Code of 1961 (Ill. Rev. Stat. 1989, ch. 38, par. 32—6(a)). Defendant chose to have a bench trial in the circuit court of Effingham County and was found guilty as charged on May 8, 1990. He was sentenced to two years' conditional discharge, 40 hours of community service to the elderly, a $1 fine, and payment of costs. On appeal, defendant asserts that the issues are (1) whether defendant interfered with judicial procedure, (2) whether the defendant conducted a marriage ceremony knowing his performance was not authorized by law, and (3) whether a State-issued marriage license is necessary where an "ecclesiastical" marriage is performed. We affirm.

Defendant has provided a record on appeal which consists of the common law record and transcripts of several pretrial proceedings. No transcripts of the June 17, 1990, bench trial or the July 9, 1990, motion and sentencing hearing have been made part of the record.

■■ The appellant has the duty to preserve an adequate record from which to review any claims of error. (*People v. Donatelli* (1988), 176 Ill. App. 3d 1086, 1088, 531 N.E.2d 1063, 1065, citing *People v. Smith* (1969), 42 Ill. 2d 479, 483, 248 N.E.2d 68, 71.) In the absence of adequate preservation and presentation of the record on review, every reasonable intendment against the defendant is presumed on appeal. (*People v. Stevens* (1984), 125 Ill. App. 3d 854, 857, 466 N.E.2d 1321, 1324.) Any factual questions concerning the adequacy of the evidence against the defendant must therefore be resolved against the defendant, based upon his failure to provide the reviewing court with a complete record on appeal. We will therefore not discuss defendant's first two contentions, which involve resolution of factual questions.

This court will address the legal question of whether the State of Illinois can legitimately require the obtaining of a State-issued marriage license for all marriages. The defendant asserts that while a marriage license is required for a civil marriage ceremony, he performed an "ecclesiastical marriage," one which allegedly does not necessitate a marriage license issued by the State of Illinois because the ecclesiastical marriage contemplates a contract between only those

who marry, not the marriage partners and the State of Illinois. Defendant's assertions are without merit.

■■ ■ The statutes governing the formalities for a marriage do not differentiate between a marriage performed by a judicial officer, a marriage performed by a public official, or a marriage performed with the prescriptions of any religious denomination or by an officiant of a tribe, Indian nation, or native group. (See Ill. Rev. Stat. 1989, ch. 40, par. 201 *et seq.*) Section 201 of the Illinois Marriage and Dissolution of Marriage Act (the Act) (Ill. Rev. Stat. 1989, ch. 40, par. 101 *et seq.*) provides that a marriage is valid in the State of Illinois if it is a heterosexual marriage which is licensed, solemnized, and registered in conformance with the Act. The Director of the Department of Public Health prescribes the forms of the application for a marriage license, the license itself, the marriage certificate, and the consent to marriage where such consent is necessary. (Ill. Rev. Stat. 1989, ch. 40, par. 202.) In order to obtain a license to marry and a marriage certificate form, prospective partners must complete a marriage application form and sign it, appear before the county clerk and pay the license fee after proving they are of age or have proper consent and that the marriage is not prohibited, and supply any necessary affidavits or court orders. Ill. Rev. Stat. 1989, ch. 40, par. 203.

■ Section 209 of the Act provides for the solemnization and registration of marriages. (Ill. Rev. Stat. 1989, ch. 40, par. 209.) This section clearly contemplates the return of the marriage certificate to the county of origin after the performance of any marriage by a judge, public official empowered to perform marriages, or any person who has performed a marriage ceremony in accordance with the prescriptions of any religious denomination, Indian nation, or tribe or native group where those prescriptions require an officiant. The statute also provides that either the person who conducts the marriage ceremony or, if no individual acting alone solemnizes a marriage, both parties to the marriage shall complete the marriage certificate form within 10 days after the performance of the marriage, forwarding it to the county clerk within that time period.

It is the responsibility of the county clerk under section 210 to register the marriage and notify the Department of Public Health of that marriage. (Ill. Rev. Stat. 1989, ch. 40, par. 210.) The return must be accompanied by the copy of the marriage license application obtained by the applicants, the date and place of marriage, and the marriage license number. It is obvious from these requirements of the Act that all marriages, whether conducted by a duly authorized secular officiant or a person designated by a religious group or a native Ameri-

can group, or where there is some group affirmation of the commitment between the parties, can be conducted only after application for a marriage license, issuance of a marriage license, and provision of a marriage certificate. Even in a situation where no single person conducts a marriage, as in a group affirmation in recognition of a marriage, the participants themselves must return the marriage certificate to the clerk of the county court.

Although the freedom to marry is one of the basic rights of mankind and is fundamental to our society (see *Boddie v. Connecticut* (1971), 401 U.S. 371, 376, 28 L. Ed. 2d 113, 118, 91 S. Ct. 780, 785), reasonable regulations that do not interfere in a significant manner with decisions to enter into the marital relationship may be imposed. (See *Zablocki v. Redhail* (1978), 434 U.S. 374, 386, 54 L. Ed. 2d 618, 631, 98 S. Ct. 673, 681.) There is a rational relationship which exists between the requirement that marriages of any sort be licensed and the strong continuing interest of the State in the institution of marriage, which adheres to the traditional doctrine that marriage is a civil contract between three parties, the husband, the wife, and the State itself. (*Hewitt v. Hewitt* (1979), 77 Ill. 2d 49, 63, 394 N.E.2d 1204, 1210.) The *Hewitt* court recognized that the policies inherent in the Illinois Marriage and Dissolution of Marriage Act, which provides procedures for solemnizing and registering marriages, serve to strengthen and preserve the integrity of marriage and to safeguard family relationships. *Hewitt*, 77 Ill. 2d at 61, 394 N.E.2d at 1209.

The provision of sanctions under section 32—6(a) of the Criminal Code of 1961 (Ill. Rev. Stat. 1989, ch. 38, par. 32—6(a)) for persons who conduct a marriage ceremony knowing that performance was not authorized by law reflects the public policy embodied in the Act, which seeks to regulate marriage for the protection of the citizens of Illinois. Defendant was clearly aware that the marriage ceremony which he performed was one conducted without a license. His signature appears with those of the celebrants on the "certificate of marriage without a license" which is part of the record. Furthermore, the attempt to legitimize the marriage as a common law marriage is one that must fail regardless of the good intentions of either the defendant or the celebrants. Common law marriages were abolished by the legislature in 1905, reflecting the fact that the State of Illinois has a strong continuing interest in the institution of marriage and in precluding marriages from devolving into private contracts, terminable at will. (*Hewitt v. Hewitt* (1979), 77 Ill. 2d 49, 64, 394 N.E.2d 1204, 1210.) The "affirmation of common law marriage" notarized and recorded in the office of the county clerk of Effingham County,

accompanied by a "certificate of marriage without a license," cannot serve to legitimize the defendant's act of conducting a marriage without a marriage license issued by the State. The defendant clearly was in violation of section 32—6(a) of the Criminal Code of 1961 through his performance of an unlicensed marriage ceremony. His conviction and sentence are therefore affirmed.

Affirmed.

WELCH and GOLDENHERSH, JJ., concur.