Rule 23 Order filed

April 16, 1997;

Motion to publish granted

June 2, 1997.  
 NO. 5-96-0250

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_________________________________________________________________

THE PEOPLE OF THE STATE OF ILLINOIS,)  Appeal from the

                                    )  Circuit Court of

     Plaintiff-Appellee,            )  Jackson County.

                                    )

v.                                  )  No. 95-CF-74

                                    )

KUMASI J. BARFIELD,                 )  Honorable

                                    )  Kimberly L. Dahlen,

     Defendant-Appellant.           )  Judge, presiding.

_________________________________________________________________

JUSTICE HOPKINS delivered the opinion of the court:  

Defendant, Kumasi J. Barfield, appeals from the decision of the circuit court of Jackson County denying his motion to dismiss the charge against him of armed robbery.  Defendant filed the motion to dismiss this charge, claiming that it was barred on the grounds of double jeopardy.  Defendant claims that he was formerly tried before a jury on the same charge and that the trial court, Honorable David W. Watt Jr., presiding, improperly granted the State's motion for a mistrial over defendant's objection.  On appeal, we consider whether the trial court abused its discretion in granting the mistrial.  We affirm.

DEFENDANT'S DUTY TO PROVIDE AN ADEQUATE RECORD

We note initially that defendant has not provided this court with a complete transcript of the jury trial that ended in a mistrial.  Defendant's request for the report of the proceedings asks the court reporters to prepare only the transcript of the hearing on defendant's motion to dismiss and the portion of the jury trial consisting of the last witness through the end of the trial.  Additionally, it appears that defendant submitted the same incomplete record of the jury trial to the trial court, Honorable Kimberly J. Dahlen presiding, on defendant's motion to dismiss.  

It is defendant's duty as the appellant to provide this court with a complete record from which we may review his claims of error.  
People v. Schuppert
, 217 Ill. App. 3d 715 (1991).  Without an adequate record, the court of review is required to presume "every reasonable intendment against defendant," and "[a]ny factual questions concerning the adequacy of the evidence against defendant must therefore be resolved against the defendant."  
Schuppert
, 217 Ill. App. 3d at 717.  On review, where the record is inadequate to resolve the factual disputes, the court addresses only the legal questions presented by the appeal.  
Schuppert
, 217 Ill. App. 3d at 717; see also Supreme Court Rule 608 (134 Ill. 2d R. 608).  In the case at bar, we will address the factual questions to the extent of our ability to do so with an incomplete record.

FACTS

We summarize the evidence from the portion of the jury trial defendant has provided.  On the second day of the jury trial on the charge of armed robbery, Carbondale Police Detective Donald T. Barrett testified that he investigated an armed robbery that occurred on February 10, 1995.  Barrett interviewed defendant and two other suspects after the robbery.  According to Barrett, defendant told him about where he was and whom he was with on the night of the robbery, and defendant's version of the events of that night was consistent with the versions given by the other two suspects.  Barrett also testified that the robbery victim "identified Mr. Barfield from a show-up line-up as being the person that actually committed the robbery with the gun" but that the victim could not identify the other two persons who were involved.   During cross-examination of Barrett, Paul Christenson, defendant's attorney, began questioning Barrett and arguing to the court, in the presence of the jury, about a videotape of defendant and the two other suspects.  The videotape was allegedly made in the Old Town Liquor store shortly after the robbery but could not be found at the time of trial.  The court sustained all of the State's objections to the relevance of the videotape. 

Christenson then asked Barrett what time the robbery occurred, to which Barrett responded that he checked with the Bank of Carbondale officials and that they "pulled the records from the ATM machine and it showed--."  The State objected to the testimony regarding the ATM records on the grounds of hearsay, and the trial court sustained the objection.  Defense counsel continued to ask questions of Barrett concerning the time of the robbery, to which Barrett continued to respond about the ATM records, and objections were made and sustained each time.  Finally, Barrett responded that the robbery victim listed the time of the robbery between 8 and 8:15 p.m.

After this answer by Barrett, the following exchange occurred:

"MR. CHRISTENSON [defense attorney]:  Between 8:00 and 8:15?

WITNESS:  Yes sir, I believe that's what he testified.

Q:  Even though the bank records say 8:19 when he withdrew the--

MR. HAMROCK [Assistant State's Attorney]:  Objection, 

facts not in evidence.   

THE COURT:  Mr. Christenson, the bank records are hearsay.  They are not admissible *** and the jury is instructed to disregard any reference to bank records.

MR. CHRISTENSON:  Well, it was 8:19--

MR. HAMROCK:  Objection, Your Honor.

THE COURT:  Mr. Christenson.

MR. CHRISTENSON:  Your honor, I have documents to show--

THE COURT:  Mr. Christenson, it is hearsay.  It is not admissible.  You do it again, you are in contempt of court.

MR. CHRISTENSON:  Excuse me, I thought the time of the robbery was important.

MR. HAMROCK:  Objection, commentary, Your Honor.

THE COURT:  Ask your next question."

Christenson then went back to questioning Barrett about the videotape, to which the court again sustained the State's objection.  Christenson then began to argue with the court about the videotape, but the court instructed Christenson "to avoid any questions about the videotape."  Christenson requested to make an offer of proof, which the court decided to allow after Christenson finished cross-examining Detective Barrett.  Christenson continued to cross-examine Barrett, asking nine additional questions regarding the alleged videotape, to which four objections by the State were sustained by the court.

Defense counsel next attempted to question Detective Barrett about a property release form from the Jackson County sheriff's office.  However, Barrett did not know anything about the property release form, and the court ruled that defendant failed to lay the proper foundation to have this exhibit admitted into evidence.  

After Barrett finished his testimony, the State rested its case.  Defense counsel did not ask the court to conduct an offer of proof in regards to the videotape.  Defendant rested without presenting any evidence on his behalf.  

After defendant rested his case, the State made a motion for mistrial.  As grounds for the mistrial, the State argued that defense counsel improperly asked questions about the ATM records, the property release form, and the allegedly missing videotape.  The State argued:  "[Defense counsel] placed all of this before the jury in improper form and has attempted, in the People's view, through his questioning to present evidence to the trier of fact which is not in this record and cannot be considered by them, and I believe that he has tainted this jury."  

The court took a recess and then asked the prosecuting attorney whether there was any way, short of mistrial, to resolve these problems.  The State argued that no limiting instructions or other cautionary measures would be sufficient to cure the error, since defense counsel ignored the court's rulings by continuing to ask questions about these matters after the court sustained the State's objections.  Christenson objected to a mistrial; he conceded that some of his references may have been "highly improper," but he argued that the errors did not demand a mistrial.  The trial judge stated that an instruction to the jury to disregard the improper evidence would be insufficient, since defense counsel asked the same improper questions two or three times after the court sustained objections.  

After hearing the parties argue their respective positions, the court ruled as follows:

"THE COURT:  Well Counsel, in a search for truth it is a two way street, and the People are just as entitled to a fair trial as is the defendant.  And not individually, but cumulatively the Bank of Carbondale [ATM records], the property release form from the Jackson County Sheriff's Department and the reference to the tape, this Court believes cumulatively are sufficient to grant the State's motion, and the Court is going to declare a mistrial."

After the mistrial, the State again charged defendant with the crime of armed robbery, based upon the same facts.  Defendant filed a motion to dismiss the charge and filed a memorandum in support of the motion to dismiss.  Defendant attached only a transcript for the portion of the jury trial from Detective Barrett's testimony through the end of the trial, including the motion to dismiss.  Defendant also attached a transcript for a portion of his attorney's cross-examination of "Officer Hampton."  The following is a portion of Hampton's testimony:

"MR. CHRISTENSON:  Good afternoon, Officer Hampton.  I am Paul Christenson.  I am defense counsel.  I also need to ask you a few questions.  I want to get the timing right.  The ATM robbery, do you know that ATM machine where he got the $20 was at 8:19 when he got that?

OFFICER HAMPTON:  I am not aware of that, no."

At the hearing on defendant's motion to dismiss, Christenson argued, before Judge Dahlen, that the mistrial was not manifestly necessary for several reasons:  (1) that the motion for a mistrial was an attempt by the State to salvage a weak case that did not prove defendant guilty beyond a reasonable doubt; (2) that the ATM records were not hearsay because they were not offered to prove the truth of the matter; (3) that the court's instruction to the jury to disregard any references to the ATM records was sufficient to cure any error; (4) that the court should have told the jury to disregard the references to the videotape but did not; and (5) that the State was not prejudiced by defense counsel's references to the property release form.  Defendant did not argue that the trial court hindered him in any way from presenting witnesses from the sheriff's office, the bank, or Old Town Liquors. 

The court denied defendant's motion to dismiss, finding as follows:

"THE COURT:  The trial judge in this case explored the possibility of giving an instruction to the jury ***, and at points [in] time had given instructions to the jury.  However, even though he instructed the jury, questions kept coming on the same issues.  The Defendant obviously has the utmost right not to be tried twice for the same offense.  But the State also, as was stated by Judge Watt, has a right to a fair trial also and, in this instance, the Prosecution was not accused of misconduct, in any way.  The Court, on its own didn't ask for a mistrial.  The Court *** had considered everything in the record, had considered everything that had taken place, indicated that the cumulative violations of the judge's evidentiary rulings cautioned his decision that an impartial verdict could not be reached in this matter.

***

*** There were innuendoes, although innuendoes in reference to what transpired in the pages and pages of questions after objections were sustained, the innuendoes all could lead a reasonable person to believe that there was a coverup of some sort but there was no proper evidence before the jury to support any of that."

The court found that Judge Watt did not abuse his discretion in declaring a mistrial and that the mistrial was manifestly necessary, and accordingly, the court denied defendant's motion to dismiss.  Defendant appeals from that ruling.        

DISCUSSION

The court may properly declare a mistrial whenever there is a manifest necessity to do so or the ends of justice would be defeated unless a mistrial is granted.  
People v. Vilt
, 139 Ill. App. 3d 868, 873 (1985).  In 
Illinois v. Somerville
, 410 U.S. 458, 35 L. Ed. 2d 425, 93 S. Ct. 1066 (1973), the United States Supreme Court concluded that the question of whether to grant a mistrial is a matter within the sound discretion of the trial judge and that double jeopardy does not arise unless that discretion is abused.  
Somerville,
 410 U.S. at ___, 35 L. Ed. 2d at ___, 93 S. Ct. at 1069.  A trial judge properly exercises his discretion in declaring a mistrial if an impartial verdict cannot be reached or, upon review, a verdict of conviction would have to be reversed due to obvious procedural error.  
Somerville
, 410 U.S. at ___, 35 L. Ed. 2d at ___, 93 S. Ct. at 1070; 
Vilt
, 139 Ill. App. 3d at 873.

The trial judge is best situated to make an intelligent decision regarding the need for a mistrial in any given case.  
Somerville
, 410 U.S. at 462, 35 L. Ed. 2d at ___, 93 S. Ct. at 1069; 
People v. Chaffin
, 49 Ill. 2d 356, 362 (1971); 
People v. Cooper
, 210 Ill. App. 3d 427, 433 (1991).  The law recognizes that judges are not clairvoyant and that his or her determination that the jury could not render an impartial verdict may or may not be correct.  "However, the overriding interest in the even-handed administration of justice requires that a reviewing court accord the highest degree of respect to a trial judge's evaluation of the likelihood that the impartiality of one or more jurors may have been affected by an improper line of questioning."  
Vilt
, 139 Ill. App. 3d at 873 (citing 
Arizona v. Washington
, 434 U.S. 497, 54 L. Ed. 2d 717, 98 S. Ct. 824 (1978)).  The trial judge's discretion is not only broad but must be applied flexibly to the unique situation of each individual case.  
Cooper
, 210 Ill. App. 3d at 433.

In the case at bar, defendant argues that Judge Watt abused his discretion in declaring a mistrial because the State was not prejudiced by defense counsel's improper conduct and because less drastic alternatives were available to deal with the problem.  Defendant breaks his argument into three sections corresponding to the three grounds for mistrial stated by the court, the ATM records, the videotape, and the property release form from the sheriff's office.  We decline to address these arguments separately, since the judge specifically stated when he granted the mistrial that the errors were not sufficient individually to necessitate a mistrial but that cumulatively these errors made a mistrial necessary.  

We find that the trial court did not abuse its discretion in declaring a mistrial.  First, without a record of the entire jury trial, we cannot say that other grounds for the trial court's decision do not exist in other parts of the record.  Second, the record we have supports the trial judge's finding that defense counsel refused to abide by his rulings and continued to ask questions and make statements in the jury's presence regarding evidence that the court had clearly ruled inadmissible.  A trial attorney cannot be permitted to obtain by misconduct a result he has failed to obtain by proper use of the rules of evidence.  
People v. Lucas
, 58 Ill. App. 3d 541, 549 (1978).  The portion of the record included on appeal supports the trial judge's finding that  a cautionary instruction to the jury would not cure the error under the circumstances of this case.

Accordingly, we affirm Judge Dahlen's denial of defendant's motion to dismiss the charge against him on the grounds of double jeopardy, and we remand this case to the trial court for further proceedings.

Affirmed and remanded.

KUEHN, P.J., and WELCH, J., concur.