THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. SCOTT D. BOYER, Defendant-Appellee.

Third District   No. 3—98—0002

Opinion filed June 15, 1999.

Gary L. Spencer, State's Attorney, of Morrison (John X. Breslin and Robert M. Hansen (argued), both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Michael A. Lancaster (argued), of Miller, Lancaster & Walker, P.C., of Sterling, for appellee.

JUSTICE LYTTON delivered the opinion of the court:

After being arrested for possession of cannabis with intent to deliver (720 ILCS 550/5(d) (West 1996)), defendant Scott D. Boyer filed a motion to suppress evidence (725 ILCS 5/114—12 (West 1996)), and the circuit court granted the motion. The State certified that the suppression order substantially impaired its ability to prosecute the case (see *People v. Young*, 82 Ill. 2d 234, 247, 412 N.E.2d 501, 507 (1980)) and filed a notice of appeal pursuant to Supreme Court Rule 604(a)(1) (134 Ill. 2d R. 604(a)(1)). We affirm.

A circuit court's ruling on a motion to suppress evidence generally is subject to reversal only if manifestly erroneous. *People v. Krueger*, 175 Ill. 2d 60, 64, 675 N.E.2d 604, 607 (1996). This case, however, involves the circuit court's application of the law to uncontroverted facts. Consequently, this case presents a question of law for which we conduct *de novo* review. *Krueger*, 175 Ill. 2d at 64, 675 N.E.2d at 607.

At the hearing on the motion to suppress, Deputy Glen Estrada testified that he stopped defendant for speeding on August 10, 1997. Upon checking defendant's driver's license number, Estrada was informed that there was a warrant for defendant's arrest, possibly for a failure to appear on a driving under the influence (DUI) case. Defendant protested that the matter had already been cleared up, but Estrada placed defendant under arrest. The deputy then searched defendant's car and found a green leafy material that appeared to be cannabis. Defendant did not consent to the search.

Defendant testified that he was unaware that an arrest warrant had been issued in his DUI case, which was pending in Lee County. Defendant had appeared before Judge Martin Hill and was assigned a court date of August 20, 1997, prior to being stopped by Deputy Estrada.

After admitting People's exhibit No. 1, an arrest warrant dated June 23, 1997, signed by circuit judge David T. Fritts, the trial court denied the motion to suppress:

> "On its face, the warrant was valid at the time of the defendant's arrest and the mere fact that the defendant was unaware of the reason for it does not show that there had been no probable cause for it to have been issued. If it were shown that the warrant was erroneously issued or that it should have been recalled, the arrest would be unlawful and the evidence suppressed. [Citation.] Because that has not been shown, however, the Motion to Suppress is denied."

Defendant filed a motion to reconsider. Attached to the motion was an affidavit signed by William Brozovich, assistant State's Attorney in Lee County. Brozovich stated under oath that (a) on June 6, 1997, Scott Boyer failed to appear for his DUI case, and the court ordered that a warrant issue with a $4,000 bond; (b) on June 23, the warrant actually issued; (c) on June 30, the Lee County State's Attorney's office filed a notice to appear, requiring Boyer to appear on July 17; (d) on July 17 defendant did appear, was informed of his rights, pled not guilty, and was assigned a status date of August 20; (e) the judge should have been informed that a warrant had issued, and the State's Attorney's office failed to so inform the judge; and (f) this was an honest oversight.

Defendant also filed an affidavit signed by Martin Hill, associate judge sitting in Lee County. Judge Hill stated that (a) Scott Boyer appeared before him on July 17, 1997; (b) Hill continued the case to August 20 for status; (c) Hill was not informed by the Lee County State's Attorney's office of the fact that there was an outstanding warrant; and (d) had he been so informed, Hill would have recalled the warrant.

On appeal the State raises one issue: "Can an officer search a car and seize contraband therein pursuant to the arrest of the driver on a warrant later found to have been erroneously not been recalled?"

# I

■ The fourth amendment of the United States Constitution provides:

> "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const., amend. IV.[1]

While the fourth amendment provides no sanction for a violation of its terms, the exclusionary rule is a judicially created remedy designed to safeguard against future violations. *Arizona v. Evans*, 514 U.S. 1, 10, 131 L. Ed. 2d 34, 44, 115 S. Ct. 1185, 1191 (1995), citing *United States v. Leon*, 468 U.S. 897, 906, 82 L. Ed. 2d 677, 687, 104 S. Ct. 3405, 3411-12 (1984).

In *People v. Decuir*, 84 Ill. App. 3d 531, 533, 405 N.E.2d 891, 893 (1980), this court held that where an officer arrests a person based on a warrant from another county, and unbeknownst to the officer the warrant had been quashed and recalled, the arrest is unlawful and evidence seized pursuant thereto must be suppressed. Still, in deciding this case, we are mindful that *Decuir* was decided before the development of the good-faith exception to the exclusionary rule. See 725 ILCS 5/114—12(b) (West 1996); *Leon*, 468 U.S. 897, 82 L. Ed. 2d 677, 104 S. Ct. 3405.

In *Arizona v. Evans*, the Supreme Court applied the good-faith analysis to a situation where a court clerk failed to inform the sheriff's office that an arrest warrant had been quashed, defendant was then stopped for speeding and arrested pursuant to the quashed warrant, and contraband was discovered and seized. *Evans*, 514 U.S. at 4-5, 131 L. Ed. 2d at 40, 115 S. Ct. at 1188. Writing for the majority, Chief Justice Rehnquist stated that the exclusionary rule was historically designed to deter police misconduct rather than mistakes by court employees (*Evans*, 514 U.S. at 14, 131 L. Ed. 2d at 46-47, 115 S. Ct. at 1193) and application of the exclusionary rule is unwarranted where it

---

[1]Illinois has a similar constitutional provision (Ill. Const. 1970, art. I, § 6), which contains "nearly identical" language (*Krueger*, 175 Ill. 2d at 65, 675 N.E.2d at 607) that is to be interpreted in the same manner as the fourth amendment (*People v. Hoskins* (1984), 101 Ill. 2d 209, 218, 461 N.E.2d 941, 945 (1984)).

would not result in appreciable deterrence (*Evans*, 514 U.S. at 11, 131 L. Ed. 2d at 44, 115 S. Ct. at 1191). Thus, the Court created "a categorical exception to the exclusionary rule for clerical errors of court employees." *Evans*, 514 U.S. at 16, 131 L. Ed. 2d at 47, 115 S. Ct. at 1194.

In the case at bar, the State and defendant agree that defendant's arrest warrant should have been recalled and that *Evans* is determinative. The parties disagree, however, as to how *Evans* applies to the facts presented here. The State asserts that the failure to recall defendant's arrest warrant is attributable to Judge Hill, as a "court employee." Defendant contends that the error was committed by the prosecutor.

In resolving this issue, we are cognizant that in many counties and jurisdictions, the clerk bears the primary responsibility for informing a judge when a warrant is outstanding. However, as a matter of sound appellate practice, "this court's review is limited to evidence in the record on appeal" (*Thomas v. Powell*, 289 Ill. App. 3d 143, 147, 681 N.E.2d 145, 147 (1997)), and the record before us shows that a different procedure is apparently employed in Lee County.

■ The uncontested affidavit of the Lee County assistant State's Attorney states (1) when defendant appeared on the DUI charge in Lee County, on July 17, 1997, the existence of a warrant "should have been brought to the attention of Judge Martin D. Hill so that the warrant could have been addressed at that time," and (2) failure to so inform the judge constituted "an honest oversight on the part of the Lee County State's Attorney's Office." The affidavit of Judge Hill states:

> "I was not informed by the Lee County State's Attorney's Office of the fact that there was an outstanding warrant ***. Had I been informed of the existence of the warrant I would have recalled it due to the Defendant's appearance in my court."

Based on this record, we conclude that an error resulting in the failure to recall defendant's arrest warrant was committed by the prosecutor.[2]

## II

■ Yet to be answered is whether a prosecutor falls within the Supreme Court's category of "court employees," upon whom the deterrent effect of suppression would have no effect. *Evans*, 514 U.S. at

---

[2]Once again, we wish to stress that our conclusion is based upon procedures employed in Lee County and the record before us; accordingly, this decision should not be construed to govern all errors in recalling warrants across Illinois.

16, 131 L. Ed. 2d at 47, 115 S. Ct. at 1194. In making this determination, we turn to the Court's description of this category of persons:

> "Because court clerks are not adjuncts to the law enforcement team engaged in the often competitive enterprise of ferreting out crime [citation], they have no stake in the outcome of particular criminal prosecutions." *Evans*, 514 U.S. at 15, 131 L. Ed. 2d at 47, 115 S. Ct. at 1193.

Unlike court clerks, prosecutors are part of the law enforcement team; they are engaged in the competitive enterprise of ferreting out crime; they do have a stake in the outcome of particular criminal prosecutions. In light of the Supreme Court's "law enforcement team" analysis, we conclude that the exclusionary rule should apply to evidence seized as a result of a prosecutor's failure to get a stale warrant recalled.[3]

Our conclusion is supported by *People v. Turnage*, 162 Ill. 2d 299, 642 N.E.2d 1235 (1994), where the Illinois Supreme Court held that a warrant issued after defendant had posted bond was "invalid" and the resulting arrest was "illegal." *Turnage*, 162 Ill. 2d at 306, 642 N.E.2d at 1238. Although executed by an officer who was unaware of the circumstances surrounding its issuance, the warrant was obtained by employees of the State's Attorney's office, who were "members of the law enforcement team." *Turnage*, 162 Ill. 2d at 311, 642 N.E.2d at 1240-41. Holding that the good-faith exception would not apply, the court explained:

> "[S]uppression of the evidence in such a case would further the deterrent purposes of the exclusionary rule. Specifically, exclusion of evidence where the State's Attorney *** may be charged with knowledge of the [invalid] nature of a warrant will deter fishing expeditions and provide an incentive to keep accurate records." *Turnage*, 162 Ill. 2d at 312-13, 642 N.E.2d at 1241.

In light of the holdings in *Evans* and *Turnage*, we conclude that applying the exclusionary rule here will appreciably deter similar constitutional violations in the future.[4]

---

[3]It would appear that the two *Evans* dissenters would also reach this result. See *Evans*, 514 U.S. at 21, 131 L. Ed. 2d at 51, 115 S. Ct. at 1196 (Stevens, J., dissenting)) (deterrent purpose extends "to law enforcement as a whole"); *Evans*, 514 U.S. at 29, 131 L. Ed. 2d at 56, 115 S. Ct. at 1200 (Ginsburg, J., dissenting, joined by Stevens, J.) (asserting it is "artificial" to distinguish between court clerk and police mistakes).

[4]The prosecutor's characterization of his error as an "honest oversight" does not preclude application of the exclusionary rule. The purpose of the exclusionary rule is deterrence (*Evans*, 514 U.S. at 14, 131 L. Ed. 2d at 46-47,

## III

Notwithstanding the record on appeal and the "law enforcement team" analysis found in *Evans* and *Turnage*, the State argues that the failure to recall defendant's warrant constituted judicial error because (a) Judge Hill forgot the warrant he issued on June 23, and (b) he would have remembered its existence if he had looked at the docket sheet. However, upon reviewing the record (*Thomas*, 289 Ill. App. 3d at 147, 681 N.E.2d at 147), we find that the warrant was signed by a judge other than Judge Hill. Moreover, nothing in the record indicates that the docket sheet cited by the State was before Judge Hill on July 17, 1997. As appellant, the State has the duty to present an adequate record supporting its claims of error. *People v. Schuppert*, 217 Ill. App. 3d 715, 717, 577 N.E.2d 828, 829 (1991).

However, bypassing flaws in the record and acknowledging the virtual certainty that Judge Hill examined a docket sheet to ensure the prerequisites for issuing a warrant were satisfied (134 Ill. 2d R. 556(a)), we still find that suppression is appropriate. The majority in *Evans*, as well as the concurring and dissenting justices, all indicated that where an error is committed by a court employee, it is still necessary to determine whether a second, deterrable constitutional error was committed by a member of the law enforcement team. See *Evans*, 514 U.S. at 15-16, 131 L. Ed. 2d at 47, 115 S. Ct. at 1193-94 (after concluding that an error was committed by a court employee, the majority considered whether the police also acted unreasonably); *Evans*, 514 U.S. at 16-17, 131 L. Ed. 2d at 48, 115 S. Ct. at 1194 (O'Connor, J., concurring, joined by Souter and Breyer, JJ.) (a court employee's mistake may not be the only error); *Evans*, 514 U.S. at 21, 131 L. Ed. 2d at 51, 115 S. Ct. at 1196 (Stevens, J., dissenting) (law enforcement officials stand in the best position to monitor clerical errors and influence procedures to prevent such errors); *Evans*, 514 U.S. at 16-17, 131 L. Ed. 2d at 48, 115 S. Ct. at 1194 (Ginsburg, J., dissenting, joined by Stevens, J.) (distinction between police conduct and judicial conduct loses force where error arises from inattentive recordkeeping rather than exercise of discretionary judicial function).

Thus, even if the judge erred by failing to notice the issuance of the warrant on the docket sheet, the record still shows an "oversight

115 S. Ct. at 1193; *Turnage*, 162 Ill. 2d at 312, 642 N.E.2d at 1241), which applies not only to intentional and reckless acts, but also to negligent acts. A premise underlying all negligence law is that imposing liability can create an incentive to act with greater care, and suppressing evidence in a case such as this will provide an incentive for prosecutors to keep accurate records. *Turnage*, 162 Ill. 2d at 312-13, 642 N.E.2d at 1241.

on the part of the Lee County State's Attorney's Office" that resulted in the failure to recall a stale warrant for defendant's arrest. As indicated in *Turnage*, 162 Ill. 2d at 312-13, 642 N.E.2d at 1241, suppression will serve to deter similar prosecutorial errors in the future.

## IV

■ Finally, the State argues that suppression is unwarranted simply because the officer's search was made pursuant to a lawful stop. This claim is contrary to the position taken by the prosecution in the circuit court: "Your Honor, this is a search incident to an arrest." Deputy Estrada testified that, except for the minor traffic stop and the warrant, he had no reason to believe that there was any other type of illegal activity. In the absence of probable cause, stopping a motorist for a traffic violation does not justify a search of the vehicle. See *People v. Penny*, 188 Ill. App. 3d 499, 544 N.E.2d 1015 (1989).

The judgment of the circuit court of Whiteside County is affirmed.

Affirmed.

HOMER, J., concurs.

JUSTICE KOEHLER, dissenting:

The State contends that an officer may search a car and seize contraband found within pursuant to the arrest of the driver on a warrant later found to have been erroneously not recalled. The majority in affirming the Whiteside County circuit court's suppression of this evidence concludes that the exclusionary rule should apply to the evidence seized because a Lee County prosecutor failed to notify the Lee County circuit court of the outstanding warrant at the defendant's court appearance prior to his arrest. In so holding, the majority focused its analysis on the prosecutor's duty as part of the law enforcement team.

However, the appropriate analysis where an officer arrests a suspect based upon a warrant obtained by someone other than the arresting officer is to determine whether the warrant was valid at its *source. People v. Turnage*, 162 Ill. 2d 299, 312, 642 N.E.2d 1235, 1241 (1994) (holding that issuing a second arrest warrant on identical charges after the defendant has been arrested and released on bond produces a warrant that is invalid *ab initio*). The appropriate focus for such an inquiry is not on the conduct of the arresting officer, but on the conduct of those who *obtained* the warrant and on the police department that informed the executing officer of its continued vitality. *Turnage*, 162 Ill. 2d at 312, 642 N.E.2d at 1241. If facts are avail-

able from which a court of review can determine whether those *obtaining* the warrant—either the State's Attorney's office or the police department—was aware or should have been aware that the warrant was invalid at its *source*, then an objective belief that the warrant was valid could not be reasonably held. *Turnage*, 162 Ill. 2d at 312, 642 N.E.2d at 1241.

In his affidavit, Lee County Assistant State's Attorney William Brozovicy stated that the origin of the defendant's arrest warrant was the defendant's failure to appear on a prior DUI case. Consequently, those who sought the warrant and the circuit court judge who issued the warrant had an objectively reasonable belief that the warrant was valid at its source. The defendant does not claim that the source of the warrant—his failure to appear—was invalid or that the State lacked probable cause.

Whiteside County Deputy Glen Estrada testified that when he stopped the defendant for speeding, the department informed him of an arrest warrant, possibly for a failure to appear on a DUI offense. Estrada testified that the warrant was in the computer and that he relied on it. The defendant does not allege, nor does the record suggest, that the police who informed Estrada of the warrant were aware or should have been aware that the warrant should have been recalled or that they acted in bad faith. Evidently, the police who attested to the warrant's continued vitality had an objectively reasonable belief in its validity.

In sum, under the *Turnage* analysis, when Whiteside County Deputy Estrada arrested the defendant based upon the Lee County warrant that was valid at its source, and neither Estrada nor his police department was aware of any subsequent invalidity of the warrant, the exclusion was not necessary because the requirements for a good-faith exception are met. *Turnage*, 162 Ill. 2d at 313, 642 N.E.2d at 1241, citing *United States v. Leon*, 468 U.S. 897, 924, 82 L. Ed. 2d 677, 699, 104 S. Ct. 3405, 3421 (1984).

However, the majority determined that prosecutors are part of "the law enforcement team" against whom the deterrent effect of suppression must be applied. In its attempt to find support for its determination, the majority cites two dissenting opinions filed in *Arizona v. Evans*, 514 U.S. 1, 131 L. Ed. 2d 34, 115 S. Ct. 1185 (1995). Although our Supreme Court in *Turnage*, 162 Ill. 2d at 311, 642 N.E.2d at 1240-41, lent some support for the majority's conclusion that State's Attorneys are part of the "law enforcement team," *Turnage* limited the exclusionary rule's application to a warrant invalid at its source and refused to extend the rule's application to actors anywhere along the line. After all, the majority's application in the present case is con-

trary to the reasoning of *Leon*, 468 U.S. at 924, 82 L. Ed. 2d at 699, 104 S. Ct. at 3421. First, the exclusionary rule was historically designed as a means of deterring police misconduct (*Leon*, 468 U.S. at 916, 82 L. Ed. 2d at 694, 104 S. Ct. at 3417), not mistakes by the State's Attorney's office. Second, the defendant offers no evidence that State's Attorneys' offices are inclined to ignore or subvert the fourth amendment or that lawlessness among State's Attorneys requires application of the extreme sanction of exclusion. *Leon*, 468 U.S. at 916, 82 L. Ed. 2d at 694, 104 S. Ct. at 3417. Third, and most important, there is no basis for believing that application of the exclusionary rule in the present circumstances will have a significant effect on State's Attorneys or an arresting officer. *Leon*, 468 U.S. at 916, 82 L. Ed. 2d at 694, 102 S. Ct. at 3417. Even if the Lee County State's Attorney's office was responsible for the erroneous entry on the police computer, and for purposes of argument only, the State's Attorney's office is part of the law enforcement team, the application of the exclusionary rule could not be expected to alter Estrada's behavior. As the Whiteside County circuit court concluded, Estrada acted in good faith. Moreover, he would have been derelict in his duty if he failed to arrest. Instead, he acted objectively and reasonably when he relied upon the police computer record.

Application of the *Leon* framework supports a conclusion that (1) Estrada's conduct was objectively reasonable, (2) he acted as a reasonable officer would and should act in similar circumstances, (3) excluding the evidence would not affect his future conduct except to make him less willing to do his duty, and (4) excluding the evidence will not further the ends of the exclusionary rule—deterring police misconduct—in any appreciable way. *Leon*, 468 U.S. at 919-20, 82 L. Ed. 2d at 696-97, 104 S. Ct. at 3419; *Massachusetts v. Sheppard*, 468 U.S. 981, 990-91, 82 L. Ed. 2d 737, 745, 104 S. Ct. 3424, 3429 (1984). In sum, marginal or nonexistent benefits produced by suppressing evidence obtained in objectively reasonable reliance on a search warrant, valid at its source but subsequently invalidated, cannot justify the substantial costs of exclusion. *Leon*, 468 U.S. at 922, 82 L. Ed. 2d at 698, 104 S. Ct. at 3420.

In further support of this conclusion, I note that the Illinois legislature recognized and codified the *Leon* good-faith exception in sections 114—12(b)(1) and (b)(2) of the Code of Criminal Procedure of 1963 (725 ILCS 5/114—12(b)(1), (b)(2) (West 1996)). Section 114—12(b)(1) provides that a court should not suppress otherwise admissible evidence if a police officer seized the evidence in good faith. Section 114—12(b)(2)(i) sets forth the definition of "good faith" applicable to the case at bar: " 'Good faith' means whenever a peace officer

obtains evidence; (i) pursuant to a search or an arrest warrant obtained from a neutral and detached judge, which warrant is free from obvious defects other than non-deliberate errors in preparation and contains no material misrepresentation by any agent of the State, and the officer reasonably believed the arrant to be valid." 725 ILCS 114—12(b)(2)(i) (West 1996). The actions of the police in this case meet this definition of good faith. The record reveals that the warrant issued at the order of a neutral and detached judge after the defendant failed to appear in his Lee County DUI case; the warrant was free from obvious defects; the warrant contained no material misrepresentations; and the police could have reasonably believed the warrant to be valid.

Consequently, I cannot join the majority judgment affirming the circuit court's decision, and respectfully dissent.