GREEN PARTY *et al.*, Plaintiffs-Appellants, v. MARK R. HENRICHS, Iroquois County Clerk, *et al.*, Defendants-Appellees.

Third District   No. 3—04—0642

Opinion filed January 21, 2005.

Dale Strough, of Watseka, for appellants.

James B. Kinzer, of Razzano & Kinzer, of Watseka, for appellees.

JUSTICE McDADE delivered the opinion of the court:

In this case from the circuit court of Iroquois County, the plaintiffs Green Party and two Green Party candidates, Dale Strough and Ginger

Searle, appeal from a denial of their motion to be placed on the ballot in the general election on November 2, 2004, for two countywide positions in Iroquois County.

On June 21, 2004, Strough filed a nominating petition on behalf of the Green Party, nominating three candidates for three countywide positions in Iroquois County. On June 28, 2004, defendant James Spielman filed an objection to the petition, alleging a violation of the Election Code (Code) (10 ILCS 5/1—1 *et seq.* (West 2002)) because the petition did not nominate candidates for 13 other county board positions open for election in 2004. On August 16, 2004, the circuit court rendered a decision finding that the petition was insufficient and therefore invalid, and removed the Green Party candidates from the ballot. The plaintiffs appealed. This court, by minute order dated *October 5, 2004,* affirmed the circuit court's decision, with this written order to follow.

## ANALYSIS

■ The plaintiffs first argue that the text of the Election Code does not require that their petition be rejected. The portion of the Code at issue states that "[a]ny group of persons *** desiring to form a new political party *** shall file *** a petition" that "shall at the time of filing contain a complete list of candidates of such party for all offices to be filled in the *** district or political subdivision as the case may be." 10 ILCS 5/10—2 (West 2002).

The plaintiffs argue that the provision only requires that all the candidates that a new political party wishes to run must be on the same petition. The defendants disagree, contending that the provision requires a new political party to run candidates for all political positions within the applicable district of political subdivision. If the latter interpretation is the correct one, then the plaintiffs' petition is insufficient because it does not nominate candidates for the 13 additional county board seats open for election.

The issue is governed by *Reed v. Kusper,* 154 Ill. 2d 77, 607 N.E.2d 1198 (1992). In that case, the Illinois Supreme Court found that the language of section 10—2 requires that a new political party field a candidate for each open position in a political district. *Reed,* 154 Ill. 2d at 85, 607 N.E.2d at 1202. The plaintiffs' petition does not nominate candidates for all open positions; therefore, it was not sufficient under the Code and was properly rejected.

The plaintiffs also argue that section 10—2, if it requires a new political party to field a candidate for every office, is unconstitutional as a violation of the federal and Illinois freedoms of speech and assembly, due process and equal protection guarantees. We find the plaintiffs' arguments unavailing.

■ A state may enact election regulations that to some extent burden the first and fourteenth amendment rights of voters and candidates. *Burdick v. Takushi*, 504 U.S. 428, 432-34, 119 L. Ed. 2d 245, 252-53, 112 S. Ct. 2059, 2062-64 (1992). To determine whether restrictions that may impact the constitutional rights of potential candidates are acceptable, the court must weigh the character and magnitude of the asserted injury against the interests put forward by the state as justification for the restrictions. *Burdick*, 504 U.S. at 434, 119 L. Ed. 2d at 253, 112 S. Ct. at 2064. Ordinarily, restrictions on such rights must be " 'narrowly drawn to advance a state interest of compelling importance.' " *Burdick*, 504 U.S. at 434, 119 L. Ed. 2d at 253, 112 S. Ct. at 2013, quoting *Norman v. Reed*, 502 U.S. 279, 289, 116 L. Ed. 2d 711, 723, 112 S. Ct. 698, 705 (1992). However, when election provisions impose only " 'reasonable, nondiscriminatory restrictions' upon the First and Fourteenth amendment rights of voters, 'the State's important regulatory interests are generally sufficient to justify' the restrictions." *Burdick*, 504 U.S. at 434, 119 L. Ed. 2d at 254, 112 S. Ct. at 2063, quoting *Anderson v. Celebreeze*, 460 U.S. 780, 788, 75 L. Ed. 2d 547, 557, 103 S. Ct. 1564, 1570 (1983).

■ First, the full-slate requirement does not discriminate between similarly situated entities. Although the requirement treats new parties differently than established parties, such disparate treatment is acceptable because new parties are not in the same position as established parties. Established parties are those that have received at least 5% of the vote in the preceding election. 10 ILCS 5/7—2, 10—2 (West 2002). Therefore, an established party has already demonstrated that it commands a minimum level of support in the community at large. A new party has not yet shown that it is able to muster support in the community. Therefore it is rational to treat the two classes of party differently. *Werme v. Merrill*, 84 F.3d 479, 484-85 (1st Cir. 1996). Additionally, the full-slate requirement is not so burdensome on a new party that it violates the constitution. The requirement merely forces the party to show that, within a district, it has support sufficient to allow it to field a candidate for each open position. If a new party is not able to field candidates for each open position in a political district, that raises doubts as to whether the organization should even be considered a political party. *Libertarian Party v. Diamond*, 992 F.2d 365, 373 n.9 (1st Cir. 1993). The requirement does not prevent any specific individual from running for office, since candidates may run as independents. It only requires that the organization seeking to be recognized as a new party demonstrate that it enjoys significant support within the community it seeks to represent.

Finally, the state has a legitimate interest in requiring that a new

party demonstrate that it has significant support within the community. This interest is in "avoiding confusion, deception, and even frustration of the democratic process at the general election." *Jenness v. Fortson*, 403 U.S. 431, 442, 29 L. Ed. 2d 554, 562-63, 91 S. Ct. 1970, 1976 (1971). In addition, the requirement assures that a new political party is actually a political organization with significant support rather than an independent candidacy masquerading as a political body. *Coalition for Free & Open Elections, Prohibition Party v. McElderry*, 48 F.3d 493, 498 (10th Cir. 1995).

## PROHIBITION PARTY

It is clear, then, that the restriction imposed by the full-slate requirement of the Election Code is reasonable and nondiscriminatory. The restriction is also justified by the state's legitimate interest in controlling and regulating access to the ballot by new political parties, thereby ensuring an orderly election not marked by voter confusion.

Since we find that the trial court did not misinterpret the language of the statute, and properly rejected the plaintiffs' petition, and that the provision does not violate the federal or state constitution, we affirm the decision of the circuit court of Iroquois County.

## CONCLUSION

The trial court rightly found that the plain language of the Election Code requires that a new political party field candidates for all open positions in the political district in which it seeks to be recognized as a party. In addition, we find the constitutional arguments of the plaintiffs do not warrant a different result. We therefore affirm the order of the circuit court of Iroquois County rejecting the petition.

Affirmed.

SCHMIDT and BARRY, JJ., concur.