# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

*Sandefur v. Cunningham Township Officers Electoral Board*, 2013 IL App (4th) 130127

---

| | |
|---|---|
| Appellate Court Caption | LAURA SANDEFUR, Plaintiff-Appellant, v. CUNNINGHAM TOWNSHIP OFFICERS ELECTORAL BOARD; CAROL ELLIOTT, in Her Official Capacity as Cunningham Township Supervisor and Member of the Cunningham Township Officers Electoral Board; PHYLLIS D. CLARK, in Her Official Capacity as Cunningham Township Clerk and Member of the Cunningham Township Officers Electoral Board; ROBERT E. LEWIS, in His Official Capacity as Cunningham Township Trustee and Member of the Cunningham Township Officers Electoral Board; and JOHN D. STEBBINS, as the Objector to the Candidacy of Laura Sandefur Before the Cunningham Township Board, Township Officers Electoral Board, Defendants-Appellees. |
| District & No. | Fourth District<br>Docket No. 4-13-0127 |
| Rule 23 Order filed<br>Rule 23 Order<br>withdrawn<br>Opinion filed | March 15, 2013<br><br>April 25, 2013<br>March 15, 2013 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Section 10-4 of the Election Code does not prohibit any person from circulating petitions for a political party in a consolidated primary and later circulating a petition for an independent candidate in a consolidated general election. |

| Decision Under Review | Appeal from the Circuit Court of Champaign County, No. 13-MR-79; the Hon. Charles McRae Leonhard, Judge, presiding. |
| --- | --- |
| Judgment | Reversed. |
| Counsel on Appeal | Andrew W.B. Bequette, of Beckett Webber, P.C., of Urbana, for appellant. |
| | Frederic M. Grosser, of Champaign, for appellee Cunningham Township Officers Electoral Board. |
| | Ruth E. Wyman, of Ruth E. Wyman Law Office LLC, of Urbana, for appellee John D. Stebbins. |
| Panel | PRESIDING JUSTICE STEIGMANN delivered the judgment of the court, with opinion.<br>Justice Knecht concurred in the judgment and opinion.<br>Justice Pope specially concurred, with opinion. |

## OPINION

¶ 1      On January 3, 2013, defendant John D. Stebbins filed an objection to the nominating petition of plaintiff, Laura Sandefur, challenging her placement on the ballot for the April 9, 2013, consolidated general election for township assessor. On January 18, 2013, defendant the Cunningham Township Electoral Board (the Board) sustained Stebbins' objection, ordering plaintiff's name not be placed on the ballot.

¶ 2      Plaintiff appeals, arguing that the Board erred by ordering her name not be placed on the ballot. Having expedited the case, we agree and reverse.

¶ 3                    I. BACKGROUND

¶ 4      Plaintiff, with the help of Kevin Sandefur, her husband, began her campaign for township assessor by circulating nominating petitions for that office as a Democratic candidate for the Democratic consolidated primary election to be held on February 26, 2013. Plaintiff and Kevin signed several of those petitions as the circulating parties. Sometime before the Democratic primary, plaintiff declared her candidacy for the township assessor as an Independent.

¶ 5	As part of her campaign as an Independent, plaintiff circulated nominating petitions for the office of township assessor for the April 9, 2013, consolidated general election for that office. That circulating campaign resulted in 303 signatures, 195 of which were collected by plaintiff and Kevin. (The minimum number of signatures required to secure a place on the ballot was 248.)

¶ 6	In January 2013, Stebbins filed an objection to plaintiff's nominating petitions for her candidacy as an Independent, asserting, in pertinent part, that plaintiff and Kevin violated section 10-4 of the Election Code (10 ILCS 5/10-4 (West 2010))–which purports to prohibit any person from circulating petitions for more than one political party (or candidate, if an Independent) in a single election cycle. The Board agreed that plaintiff and Kevin had violated section 10-4 of the Election Code. As a result, the Board disqualified 195 of the signatures–which, as previously stated, represented the number collected by plaintiff and Kevin–rendering plaintiff ineligible to be placed on the ballot because she fell short of the 248 signatures required to placed on the ballot.

¶ 7	Shortly thereafter, plaintiff filed a petition for judicial review of the Board's decision. In February 2013, the trial court affirmed the Board's decision, finding, in pertinent part, that the record showed that the Board "correctly applied section 10-4 to the undisputed facts of record and correctly concluded that [plaintiff] is ineligible to be on the April ballot."

¶ 8	This appeal followed.

¶ 9	II. ANALYSIS

¶ 10	Plaintiff argues that the Board erred by ordering her name not be placed on the ballot. Specifically, plaintiff contends that the plain language of section 10-4 of the Election Code prohibits any person from circulating petitions for (1) more than one political party in a general primary and general election, (2) more than one Independent candidate and a political party in a general primary and general election, (3) more than one political party in the next consolidated election, and (4) more than one Independent candidate and political party in the next consolidated election. It does not, plaintiff asserts, prohibit a person from circulating a petition for a political party in a consolidated primary election and then circulating a petition for an Independent candidate in a consolidated general election. In light of the plain language of section 10-4 of the Election Code and the public policy related to access to ballots, we agree.

¶ 11	A. The Standard of Review

¶ 12	Initially, we note that on appeal of an electoral board's determination, we review the electoral board's decision, not the determination of the trial court. *Carlasare v. Will County Officers Electoral Board*, 2012 IL App (3d) 120699, ¶ 15, 977 N.E.2d 298 (citing *Jackson v. Board of Election Commissioners*, 2012 IL 111928, ¶ 46, 975 N.E.2d 583). However, the standard of review that applies on appeal is determined by the question presented on appeal. *Carlasare*, 2012 IL App (3d) 120699, ¶ 15, 977 N.E.2d 298. Because the issue in this case is one of statutory interpretation, our review is *de novo*. See *id.* ("[P]ure questions of law, such as statutory interpretation, are subject to *de novo* review on appeal."). Having outlined

our standard of review, we turn to the language of the statute and the rules of statutory construction.

¶ 13      B. Section 10-4 of the Election Code and the Rules of Statutory Construction

¶ 14      Section 10-4 of the Election Code states, in pertinent part, as follows:

"[N]o person shall circulate or certify petitions for candidates of more than one political party, or for an independent candidate or candidates in addition to one political party, to be voted upon at the next primary or general election, or for such candidates and parties with respect to the same political subdivision at the next consolidated election." 10 ILCS 5/10-4 (West 2010).

¶ 15      "The primary goal of statutory construction, to which all other rules are subordinate, is to ascertain and give effect to the intention of the legislature." *Jackson*, 2012 IL 111928, ¶ 48, 975 N.E.2d 583. The best indication of that intent is the statuary language. *Id.* When the statutory language is clear, the statute must be construed as written. *Id.* According to the Statute on Statutes, the plain language of a statute should be liberally construed to effectuate the purpose of the statute. 5 ILCS 70/1.01 (West 2010). To that end, "[t]he primary purpose of all election laws is to ensure a fair and honest election" to further the policy of this state to provide candidates for public office access to the ballots. *Carlasare*, 2012 IL App (3d) 120699, ¶ 19, 977 N.E.2d 298. Where the General Assembly has outlined specific limits on certain policies, we will not read additional limits into a statute. See *Illinois Department of Healthcare & Family Services v. Warner*, 227 Ill. 2d 223, 233, 882 N.E.2d 557, 562 (2008) ("We cannot depart from the plain language of a statute by reading into it exceptions, limitations, or conditions not expressed by the legislature.").

¶ 16      C. Section 4-10 Did Not Prohibit Plaintiff From Circulating
Petitions for More Than One Candidate in This Case

¶ 17      As plaintiff points out in her brief to this court, the Election Code recognizes four types of elections: (1) the general primary election (held on the third Tuesday in March (10 ILCS 5/2A-1.1(a) (West 2010)); (2) the general election (held on the first Tuesday after the first Monday of November) (10 ILCS 5/2A-1.1(a) (West 2010)); (3) the consolidated primary election (held on the last Tuesday in February) (10 ILCS 5/2A-1.1(b) (West 2010)); and (4) the consolidated election (held on the first Tuesday in April except during Passover) (10 ILCS 5/2A-1.1(b), 1.1a (West 2010)). "General election" encompasses those elections held in even-numbered years, while "consolidated election" encompasses those elections held in odd-numbered years. See 10 ILCS 5/2A-1.1 (West 2010). Because the Democratic primary as well as the April election at issue in this case were both odd-numbered year elections, they are both "consolidated elections" for purposes of the Election Code.

¶ 18      Again, section 10-4 of the Election Code states, in pertinent part, as follows: "[N]o person shall circulate or certify petitions *** for an independent candidate *** in addition to one political party, to be voted upon at the next primary or general election, or for such candidates *** with respect to the same political subdivision at the next *consolidated*

*election*." (Emphasis added.) 10 ILCS 5/10-4 (West 2010). To determine whether the Board erred in this case, we must decide whether this language prohibits a person from circulating a petition for a political party in a consolidated primary election and then later circulating a petition for an Independent candidate in a consolidated general election. In other words, we must decide whether "consolidated election," as that term is used in the statute, includes both consolidated primary elections *and* consolidated general elections, thereby prohibiting a person from circulating a petition for a political party in a consolidated primary election–in this case, the Democratic party–and then circulating a petition for an Independent candidate in a consolidated general election. This analysis requires particularized scrutiny.

¶ 19 One could perhaps read the phrase "at the next primary or general election" to mean "at the next election, either primary or general," rendering the last portion of the statute that discusses consolidated elections as a continuation of that point. Therefore, the statute would be read as excluding the circulating of such petitions "at the next election, either primary or general, as well as in consolidated elections, either primary or general." Or, put another way, the statute would be read as excluding the circulating of such petitions "at the next even-numbered year primary and general election, as well as odd-numbered year primary and general elections." Our review of the Election Code, however–particularly, the plain language of section 10-4–reveals that such a reading of the statute would render a significant portion of the statute superfluous. See *Ultsch v. Illinois Municipal Retirement Fund*, 226 Ill. 2d 169, 187, 874 N.E.2d 1, 12 (2007) (phrases in statutes should not be construed in isolation, but interpreted in light of other relevant portions of the statute so that, if possible, no term is rendered superfluous or meaningless).

¶ 20 As previously explained, section 10-4 of the Election Code states, in pertinent part, as follows: "[N]o person shall circulate or certify petitions *** for an independent candidate *** in addition to one political party, to be voted upon at the next primary or general election, or for such candidates *** with respect to the same political subdivision at the next consolidated election." 10 ILCS 5/10-4 (West 2010). If read to include both the consolidated primary and the consolidated general election, the phrase "for such candidates *** with respect to the same political subdivision" would be completely unnecessary. That is, if read to include both the odd-numbered year primary and general election, the statute would merely require that "no person may circulate petitions for an independent candidate in addition to one political party, to be voted upon *at the next primary or general election, or at the next consolidated election*." The General Assembly did not draft section 10-4 that way, instead electing to include the phrase "for such candidates *** with respect to the same political subdivision." We assume the General Assembly did so for a reason–perhaps to establish a separate prohibition on circulators in odd-numbered year general elections, but not on circulators in odd-numbered year primary elections, better known as the "consolidated election" cycle. Whatever the reason, our role is not to judge the wisdom of the statute, but to determine, when asked, what the legislative intent was behind the statute. See *General Motors Corp. v. Motor Vehicle Review Board*, 361 Ill. App. 3d 271, 292, 836 N.E.2d 903, 921 (2005) (Steigmann, J., specially concurring) ("[N]either the wisdom nor the desirability of that legislation is subject to review by this court.").

¶ 21 Having construed section 10-4 of the Election Code with an eye toward the policy of this

state to provide candidates for public office access to the ballots (*Carlasare*, 2012 IL App (3d) 120699, ¶ 19, 977 N.E.2d 298), we conclude that section 10-4 of the Election Code does not prohibit any person from circulating petitions for a political party in a consolidated primary and later circulating a petition for an Independent candidate in a consolidated general election. As a survey of the Election Code reveals, the General Assembly understands politics and knows how to use the terms "primary," "general," "consolidated," and "election" advisedly. The plain language of section 10-4 of the Election Code shows that the General Assembly chose not to make a specific distinction between primary and general elections in odd-numbered years. We will not second-guess that choice. Accordingly, we reverse the Board's decision to keep plaintiff's name off the ballot.

¶ 22                                    III. CONCLUSION

¶ 23        For the reasons stated, we reverse the Board's determination; plaintiff's name should appear on the ballot.

¶ 24        Reversed.

¶ 25        JUSTICE POPE, specially concurring.

¶ 26        I concur with the result in this case. I would also note prior to the consolidated primary to be held on February 25, 2013, Sandefur withdrew her petitions for nomination in the Democratic primary and declared her candidacy as an Independent candidate for township assessor at the consolidated election to be held on April 9, 2013.

¶ 27        To me, this case is simple. Section 2A-1.1 of the Election Code states:

> "(b) In odd-numbered years, an election to be known as the consolidated election shall be held on the first Tuesday in April except as provided in Section 2A-1.1a of this Act; and an election to be known as the consolidated primary election shall be held on the last Tuesday in February." 10 ILCS 5/2A-1.1(b) (West 2010).

Section 10-4 makes no reference to the consolidated primary election. It refers only to the "next consolidated election." As section 2A-1.1 delineates, "consolidated election" is the election held on the first Tuesday in April. By failing to include "consolidated primary election" or by failing to even add an "s" to "next consolidated election(s)," the legislature made section 10-4 inapplicable to consolidated primary elections.