THE PEOPLE *ex rel.* JOAN KLINGELMUELLER *et al.*, Plaintiffs-Appellees, *v.* FRED HAAS *et al.*, Defendants-Appellants.

Third District   Nos. 81—734, 81—735 cons.

Opinion filed December 20, 1982.

SCOTT, J., dissenting.

Gerald L. Timmerwilke, of Lewis, Blickhan, Longlett, & Timmerwilke, of Quincy, and Michael L. Neff and Stanley L. Tucker, both of Hartzell, Glidden, Tucker & Neff, of Carthage, for appellants.

Daniel P. Nagan, of Bisbee & Nagan, of Macomb, for appellees.

JUSTICE HEIPLE delivered the opinion of the court:

This is an appeal from a judgment of the circuit court of Hancock County declaring that the defendants had forfeited their positions as elected officials of the city of Nauvoo for failing to file economic interest statements while they were candidates pursuant to section 4A—101(g) of the Illinois Governmental Ethics Acts (Ill. Rev. Stat. 1979, ch. 127, par. 604A—101(g)).

On April 7, 1981, defendant Fred Haas was elected mayor of Nauvoo and defendants Thomas Schmitz and Clarke Bergmeier were elected as aldermen. The defendants admit that they failed to file economic interest statements when they were candidates but since then have filed economic interest statements as elected officials. On July 8, 1981, the plaintiffs filed an application for leave to file a complaint in *quo warranto*. The application was allowed and the complaint was filed on September 22, 1981. On August 7, 1981, the plaintiffs also filed a complaint seeking a declaratory judgment. The two actions were consolidated and a bench trial was held on October 2, 1981. The court entered a declaratory judgment finding that the forfeiture penalty for failing to file an economic interest statement was mandatory and that the defendants had forfeited their offices. (Ill. Rev. Stat. 1979, ch. 127, par. 604A—107.) Having entered a declaratory judgment, the court found it unnecessary to rule on the complaint for *quo warranto*. After hearing post-trial motions by both sides, the court

amended its judgment to include a judgment ousting the defendants from office pursuant to the plaintiffs' complaint in *quo warranto*.

The defendants raise three issues on appeal but we need only concern ourselves with one, namely, whether the circuit court lacked subject matter jurisdiction due to the plaintiffs' failure to exhaust their administrative remedies. We find that the plaintiffs waived any objection to the defendants' status as candidates because they did not object to the sufficiency of the defendants' nomination papers in the manner prescribed by statute.

Our decision today is a narrow one and is limited to a discussion of the statutory forfeiture provisions as they affect candidates who fail to file economic interest statements. We express no opinion as to how these provisions are to be enforced against office holders.

■ The status of a candidate for public office is temporary. It terminates when the candidate is either elected to the office, or defeated by an opponent. Until that time, the candidate's eligibility for the office he seeks is governed by the Election Code (Ill. Rev. Stat. 1979, ch. 46, par. 1—1 *et seq.*) (hereinafter referred to as the Election Code). Section 10—5(3) of the Election Code requires that each candidate's nomination papers include a statement of economic interest as described in the Illinois Governmental Ethics Act (Ill. Rev. Stat. 1979, ch. 127, par. 601—101 *et seq.*) (hereinafter referred to as the Ethics Act). The Election Code further provides that a candidate's nomination papers are not valid if he fails to file a statement of economic interest. (Ill. Rev. Stat. 1979, ch. 46, par. 10—5.) Any challenges to the validity of a candidate's nomination papers must be resolved according to section 10—8 of the Election Code. That section reads as follows:

> "Certificates of nomination and nomination papers, and petitions to submit public questions to a referendum, being filed as required by this Code, and being in apparent conformity with the provisions of this Act, shall be deemed to be valid unless objection thereto is duly made in writing within 5 days after the last day for filing the certificate of nomination or nomination papers ***." (Ill. Rev. Stat. 1979, ch. 127, par. 10—8.)

Section 10—8 goes on to designate various electoral boards to conduct hearings on any objections. In the present case, the Election Code designates the municipal officers electoral board as the proper tribunal to hear the plaintiffs' objections. Reading these provisions as a whole, even though a candidate's nomination papers are invalid due to his failure to file an economic interest statement, the papers are deemed valid unless an objection is made within five days after the

last day for filing nomination papers. The plaintiffs in the present case skipped this procedure entirely. Instead, the plaintiffs waited until a month after the general election was held before taking any action.

■ In support of their actions, the plaintiffs contend that the forfeiture provisions of the Ethics Act are self-executing, relying on Illinois Attorney General's Opinions, No. S-514 (Oct. 17, 1972). The plaintiffs argue that such a self-executing provision may be enforced through an election contest, *quo warranto* or by declaratory judgment. We disagree. The Ethics Act as it applies to candidates cannot be read in a vacuum. The specific requirements and procedures set out in the Election Code must also be taken into account. After careful consideration, we conclude that all objections to a candidate's eligibility to run for office must be resolved by the procedures set out in the Election Code. It is vitally important that nomination objections be resolved at the earliest possible time. (*Thurston v. State Board of Elections* (1979), 76 Ill. 2d 385.) The Illinois Election Code sets out a procedure designed to accomplish that end and it must be followed.

Although to our knowledge, this is the first time that the forfeiture provisions of the Ethics Act have been applied to a candidate in this fashion, we are not the first Illinois court to hold that nomination objections are waived if they are not asserted before the general election. In *Thurston v. State Board of Elections* (1979), 76 Ill. 2d 385, 391, the Illinois Supreme Court held " 'that the failure of a candidate to object to his opponent's certificate of nomination in the manner provided by statute waives the objection ***.' " The Election Code gave the plaintiffs ample opportunity to test the validity of the defendants' nomination papers. In fact, section 10—10 of the Election Code (Ill. Rev. Stat. 1979, ch. 46, par. 10—10) sets out a procedure which clearly covers the objections raised by the plaintiffs:

> "The electoral board shall take up the question as to whether or not the certificate of nomination or nomination papers or petitions are in proper form, and whether or not they were filed within the time and under the conditions required by law, and whether or not they are the genuine certificate of nomination or nomination papers or petitions which they purport to be, and whether or not in the case of the certificate of nomination in question it represents accurately the decision of the caucus or convention issuing it, and in general shall decide whether or not the certificate of nomination or nominating papers or petitions on file are valid or whether the objections thereto should be sustained and the decision of a majority of the electoral

board shall be final subject to judicial review as provided in Section 10—10.1. The electoral board must state its findings in writing and must state in writing which objections, if any, it has sustained."

To permit the plaintiffs to circumvent this procedure would work a great injustice on the defendants, who expended time, effort, and money on their campaigns, and on the public who have already made their choice at the polls. This is not the proper time or place for challenging the defendants' status as candidates.

■ The plaintiffs make the final argument that the issue of *laches*, waiver or failure to exhaust administrative remedies was not properly preserved for appeal. Generally, matters such as waiver and *laches* must have been raised at the trial level and may not be raised for the first time on appeal. However, the subject matter jurisdiction of the trial court may be challenged at any time in the appellate process. Our reading of section 10—10.1 of the Election Code indicates that a circuit court has power to review the decision of an electoral board but has no original jurisdiction in such matters. (Ill. Rev. Stat. 1979, ch. 46, par. 10—10.1.) Therefore we find that the circuit court lacked jurisdiction over the subject matter of this suit and accordingly we reverse the judgment of the trial court.

Reversed.

BARRY, P.J., concurs.

JUSTICE SCOTT, dissenting:

I disagree with the reasoning and the result in the majority opinion. The majority selects one provision of the Election Code (Ill. Rev. Stat. 1979, ch. 46, par. 10—8) which in substance provides that certificates of nomination and nomination papers filed as required by the Code shall be deemed valid unless objections thereto are filed within five days from the last day for filing said documents. The Election Code provides that:

"Such certificate of nomination or nomination papers in addition shall include as a part thereof, the oath required by Section 7—10.1 of this Act and a statement of candidacy for each of the candidates named ***. Each such statement shall set out the address of such candidate, the office for which he is a candidate, *shall state that the candidate is qualified for the office specified and has filed a statement of economic interests as required by* the Illinois Governmental Ethics Act ***." (Empha-

sis added.) Ill. Rev. Stat. 1979, ch. 46, par. 10—5(3).

The foregoing statutory provisions recognize that the filing of statements of economic interests is required by the Illinois Governmental Ethics Act (Ill. Rev. Stat. 1979, ch. 127, par. 601—101 *et seq.*), and in my opinion the sanctions for failure to comply are those provided in the Governmental Ethics Act and not the Election Code. It should be noted with interest that attached to the defendants' brief filed in this appeal is correspondence dated July 21, 1981, from the General Counsel for the State Board of Elections directed to a party to this appeal which expresses the same opinion. The subject matter of the letter is the failure to file statements of economic interests and the correspondence contains the following statement: "Please note, however, that the State Board of Election has no authority nor responsibility concerning the Governmental Ethics Act."

The Ethics Act contains the following pertinent provisions:

"The following persons shall file verified written statements of economic interests ***

*       *       *

(g) persons who are elected to an office *** in a unit of local government as defined by the Illinois Constitution ***." Ill. Rev. Stat. 1979, ch. 127, par. 604A—101(g).

Section 4A—105 of the Ethics Act provides for the filing of statements of economic interests. (Ill. Rev. Stat. 1979, ch. 127, par. 604A-105.) The penalty provisions for failure to file such statement provides as follows:

"Any person required to file a statement of economic interests under this Article who willfully files a false or incomplete statement shall be guilty of a Class A misdemeanor.

Failure to file a statement within the time prescribed shall result in ineligibility for, or forfeiture of, office or position of employment, as the case may be." Ill. Rev. Stat. 1979, ch. 127, par. 604A—107.

The parties to this appeal are in agreement that the defendants are required to file statements of economic interests. Such statements should have been filed on January 26, 1981. They did not file until after they were elected and after they had taken their oath of office. Their statements were filed on May 6, 1981, or approximately 100 days after they should have been filed.

The record fails to support a finding that the failure to file was wilful and the statements after being filed fail to show that the defendants have any conflict of interest between their economic interests and the duty they would perform as officials of the city of

Nauvoo. The defendants are nevertheless in violation, albeit a technical violation, of the Illinois Governmental Ethics Act for failure to file.

The trial judge correctly pinpointed the issue as being whether the failure to file on time is a mandatory forfeiture of office or directory only and thereby the imposition of sanctions is within the discretion of the court.

In determining this question the majority opinion ignores article XIII, section 2, of the 1970 Constitution of the State of Illinois, which provides:

> "All candidates for or holders of state offices and all members of a Commission or Board created by this Constitution shall file a verified statement of their economic interests, as provided by law. The General Assembly by law may impose a similar requirement upon candidates for, or holders of, offices in units of local government and school districts. Statements shall be filed annually with the Secretary of State and shall be available for inspection by the public. The General Assembly by law shall prescribe a reasonable time for filing the statement. Failure to file a statement within the time prescribed shall result in ineligibility for, or forfeiture of, office. This Section shall not be construed as limiting the authority of any branch of government to establish and enforce ethical standards for that branch."

The sanction of forfeiture of office imposed by the Ethics Act is the same as that prescribed by our State Constitution. The record of the proceedings of the Sixth Illinois Constitutional Convention (3 Record of Proceedings, Sixth Illinois Constitutional Convention 1791–93), makes it abundantly clear that it is mandatory upon the courts to declare a forfeiture of office in a situation such as is presented in the instant case.

Declaring that the defendants should forfeit the office to which they have been elected may appear to be a harsh sanction, however, be that as it may, that is the sanction set forth in the constitution of our State and in the provisions enacted pursuant thereto and which are set forth in the Governmental Ethics Act.