June 12, 1997.

4th Division

No. 1--97--1031

WILLIAM THOMAS, ) Appeal from the

) Circuit Court of

Plaintiff-Appellee, ) Cook County.

)

v. ) 

)

EARL JAMES POWELL, Candidate, DANIEL )

MADDEN, Representative for DAVID ORR, )

Cook County Clerk, as Chairman, RALPH )

SCHROEDER, Representative for AURELIA )

PUCINSKI, Clerk of the Circuit Court of )

Cook County, as member, DAVID BONOMA, )

Representative for Cook County State's )

Attorney RICHARD DEVINE, as member, all )

in their Official Capacity as members )

of the COOK COUNTY OFFICERS ELECTORAL )

BOARD, et al., ) Honorable

) Francis Barth,

Defendants-Appellants. ) Judge Presiding.

JUSTICE BURKE delivered the opinion of the court: 

Defendants, members of the Cook County Officers Electoral Board (Board), appeal from an order of the circuit court of Cook County reversing a decision of the Board finding that defendant Earl James Powell (Powell), a candidate for election to the office of Commissioner of the Dolton Park District, was not required under the Illinois Election Code to file a "Statement of Economic Interests" (Economic Statement) in the same calendar year as his nomination papers.  On appeal, the Board argues that the trial court applied the wrong standard of review, misinterpreted and incorrectly applied the Election Code and Illinois Governmental Ethics Act (Ethics Act), and the court should have made its judgment apply prospectively.  For the reasons set forth below, we vacate the circuit court's order.

Sometime between January 13 and 21, 1997, Powell filed his nomination papers for the position of Commissioner of the Dolton Park District.  He attached a receipt from the Cook County Clerk acknowledging that his Economic Statement was received on December 23, 1996.  On January 30, 1997, plaintiff William Thomas (Thomas) filed a "Verified Objector’s Petition" against Powell with the Board.  Thomas alleged that Powell’s nomination papers did not comply with the Election Code and were invalid, in pertinent part, because, Powell argued, the Election Code requires the Economic Statement to be filed in the same calendar year as the nomination papers.  Thomas, through counsel, and Powell in his own behalf, appeared before the Board on February 3, 1997.  Thomas agreed to file a list of cases supporting his arguments and Powell was given an opportunity to respond.

On February 5, 1997, Thomas submitted a memorandum in support of his petition to the Board.  In his memorandum, he argued that section 10--5 of the Election Code (10 ILCS 5/10--5 (West 1993)) mandates that a candidate's Economic Statement be filed with his nomination papers or at least during the specific seven-day filing period for the nomination papers.  He further argued that the only exception to this rule is when the Economic Statement is filed in the same calendar year with the same governmental unit for which the nomination papers are filed.  According to Thomas, because Powell’s Economic Statement was filed in a different year (1996) than his nomination papers (1997) and was thus outside the period for filing nomination papers, Powell therefore failed to comply with section 10--5.  Powell did not file a response to Thomas' petition.

On February 10, the Board held a hearing on Thomas' petition.  Powell was not present at the hearing.  On February 21, the Board entered its decision, holding, in pertinent part, that while there may be reasons for preferring a same-year filing of an Economic Statement and nomination papers, the Election Code and the Ethics Act do not require such a filing.

On March 4, Thomas filed a complaint for review of the Board's decision and a motion for an expedited hearing in the circuit court.  Thomas raised the same arguments that he had raised before the Board.  The trial court subsequently entered an order enjoining the Cook County Clerk and the Board from printing ballots for this election.

On March 12, the Board filed a response to Thomas' complaint, arguing that the standard of review of the Board's findings of fact is whether they are contrary to the manifest weight of the evidence and that the trial court should "accord substantial weight and deference" to the Board's legal interpretations.  The Board also contended that section 10--5 of the Election Code merely required Powell to file his Economic Statement before the close of the filing period for nomination papers and that section 4A--105 of the Ethics Act (5 ILCS 420/4A--105 (West Supp. 1996)) required that the Economic Statement be filed by the end of the period during which Powell could attempt to qualify for nomination if he had not already filed an Economic Statement in relation to the same unit of government within the preceding year.  The Board maintained that because Powell filed his Economic Statement prior to the end of the filing period for nomination papers, he met the requirements of both the Election Code and the Ethics Act.

Thomas filed a reply to the Board’s response, arguing that the trial court’s standard of review was 
de
 
novo
.  He also disputed the Board's construction of the statutes.

On March 18, the trial court heard arguments on Thomas' complaint.  Thereafter, in reversing the Board's decision, the court stated that the standard of review of the Board's decision was 
de
 
novo
, that the determination of the period of a party's candidacy was "essential to a proper determination of this matter," and that there has to be a time in which a person is recognized by law as being a candidate so that the filing of his Economic Statement can be in relation to the candidacy.  The court found that the legislative intent of the Election Code and the Ethics Act was to provide the public with the most recent information on candidates' finances and that the only way for the clear language of these statutes to support this intent was to recognize that the period for filing the Economic Statement is the same period for becoming a candidate under section 10--6 of the Election Code (10 ILCS 5/10--6 (West 1993)).  The court further stated that a "split filing" of the Economic Statement and the nomination papers was "mischievous" and denied citizens the right to know the "most current" information about a candidate.  The court held that on December 23, 1996, when Powell filed his Economic Statement, he was not yet a candidate and thus the filing could not apply to his candidacy.  While the trial court apparently found that the Election Code and the Ethics Act did not specifically provide for a beginning date to file an Economic Statement, the court held that it was necessary to provide one through judicial construction.  This appeal followed.

We find that the trial court and the Board lacked subject matter jurisdiction over this matter.  While neither party here raised the issue of jurisdiction before the Board or the trial court, the "subject matter jurisdiction of the trial court may be challenged at any time in the appellate process."  
People ex rel. Klingelmueller v. Haas
, 111 Ill. App. 3d 88, 92, 443 N.E.2d 782 (1982).  Section 10--8 of the Election Code (10 ILCS 5/10--8 (West 1993)) provides, in pertinent part:

"Certificates of nomination and nomination papers, and petitions to submit public questions to a referendum, being filed as required by this Code, and being in apparent conformity with the provisions of this Act, shall be deemed to be valid unless objection thereto is duly made in writing 
within 5 business days after the last day for filing the certificate of nomination or nomination papers or petition for a public question
 ***.

***

In the case of nomination papers or certificates of nomination, the State Board of Elections, election authority or 
local election official
 shall
 note the day and hour upon which such objector's petition is filed ***."  (Emphasis added.)

The parties do not dispute that the last day on which Powell could file his nomination papers was January 21, 1997.  The record before us shows that Thomas' "Verified Objector's Petition" was stamped "received" by the Election Department of the Cook County clerk's office on January 30, 1997.  This is more than five business days after the final day on which Powell could file his nomination papers.  Therefore, Thomas' objection was untimely.  Although Thomas asserted during oral argument before this court that his petition objecting to Powell's nomination papers was initially timely filed at the Dolton Park District and that the Park District apparently failed to note the date and time received, this court's review is limited to evidence in the record on appeal; we cannot rely upon mere assertions by a party.  The stamped petition is the only document upon which this court can rely in determining whether Thomas' filing of his objection complied with the mandate of section 10--8, 
i
.
e
., that it be filed within five business days after the last day for filing nomination papers, as evidenced by the additional requirement that the local election official note the day and time of filing.  Accordingly, in the absence of a notation on the petition of the alleged Park District filing, we cannot assume that such a filing occurred.  Because the petition was not timely filed, Thomas waived any objection to Powell's status as a candidate because he failed to object to the sufficiency of Powell's nomination papers in the manner prescribed by statute.  
Haas
, 111 Ill. App. 3d at 90.  Therefore, the Board and the trial court lacked subject matter jurisdiction over this matter.  
Haas
; 
Swinger v. Municipal Officers' Electoral Board
, 180 Ill. App. 3d 74, 76-77, 535 N.E.2d 938 (1989).  Since neither the Board nor the trial court had subject matter jurisdiction, nothing flowing from the Board's proceedings and the trial court's subsequent reversal has any validity.  See 
Swinger
, 180 Ill. App. 3d at 77.  In light of our holding, we need not address the Board's argument that the Election Code and Ethics Act do not require that an Economic Statement and nomination papers be filed in the same calendar year, or its other arguments.

Accordingly, for the reasons stated, we vacate the order of the circuit court of Cook County.

Vacated.

WOLFSON, P.J., and MCNAMARA, J., concur.