2021 IL App (1st) 210167-U

FIRST DISTRICT
FIRST DIVISION
March 22, 2021

No. 1-21-0167

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT
_____

| | | |
|---|---|---|
| ADONIS ELAM, SR., | ) | Appeal from the |
| | ) | Circuit Court of |
| Petitioner/Appellant, | ) | Cook County |
| | ) | |
| v. | ) | No. 2021 COEL 10 |
| | ) | |
| MUNICIPAL OFFICERS ELECTORAL | ) | Honorable |
| BOARD for the VILLAGE of RIVERDALE, | ) | LaGuina Clay-Herron, |
| Cook County, Illinois, LAWRENCE L. | ) | Judge Presiding. |
| JAKCSON (CHAIRMAN), KAREN HOLCOMB | ) | |
| (MEMBER), ROBERT BERTUCCI | ) | |
| (MEMBER), ALBERT JONES (OBJECTOR), | ) | |
| LARRY DEAN (OBJECTOR), | ) | |
| | ) | |
| Respondents/Appellees. | ) | |

_____

JUSTICE COGHLAN delivered the judgment of the court.
Presiding Justice Walker and Justice Pierce concurred in the judgment.

**ORDER**

¶ 1        *Held*:  Candidate's nomination papers invalid for having an insufficient number of voter signatures.

¶ 2        In this election case, petitioner Adonis Elam, Sr. appeals the Municipal Officers Electoral Board for the Village of Riverdale's (Board) decision striking his name from the ballot for the office of Trustee for the Village of Riverdale (Village) for the consolidated general election

occurring on April 6, 2021. On appeal, Elam claims that the Board (1) lacked subject matter jurisdiction and (2) erred in invalidating signatures on his nominating petitions. We affirm.

¶ 3                                    BACKGROUND

¶ 4        On December 21, 2020, Elam filed nomination papers to be included on the ballot as an independent candidate for election to the office of Village Trustee at the consolidated general election occurring on April 6, 2021. Attached to Elam's nomination papers were 26 pages of signatures collected and certified by multiple "circulators."

¶ 5        On December 30, 2020, Albert Jones and Larry Dean (objectors) filed an "Objectors's Petition" against Elam's nomination papers. The "Office of the Village Clerk receipt for filing objector's petition" recorded the objectors' petition as being filed at 12:48 p.m. on December 30, 2020. The date and time of filing were not recorded on the face of the objectors' petition. In the petition, the objectors raised "circulator-based objections," arguing that three individuals who circulated Elam's nomination papers for signatures as an independent candidate in the 2021 consolidated general election violated statutory law by previously circulating nomination papers on behalf of a democratic candidate in the 2021 consolidated primary election. Elam filed a "motion to strike and dismiss or in the alternative for summary judgment" challenging the Board's subject matter jurisdiction, arguing that the "objector's petition [was] invalid on its face" because "no day and hour of filing has been noted" on the petition.

¶ 6        At the full Board hearing on January 21, 2021, Elam produced no documentary evidence, no witnesses testified, and counsel stated, "I'm going to rest on *** what has been pled *** in my petition" as to the issue of no filing time stamp. The Board ruled that (1) the objectors' petition was timely filed because "the code doesn't require" a filing time stamp on the face of the petition

and (2) signatures on Elam's nomination petitions were invalid because three circulators improperly circulated his petitions. After invaliding the improper signatures, 9 valid signatures remained, which was below the required minimum of 47 signatures. On January 27, 2021, the Board issued its unanimous written "Final Order," directing that Elam's "name shall be stricken from the ballot at the April 6, 2021 consolidated general election."

¶ 7    Elam filed a petition for judicial review of the Board's decision in the circuit court. On February 19, 2021, the circuit court denied Elam's petition for judicial review and affirmed the Board's decision that his name "shall not be printed on the ballot at the Consolidated General Election to be held on April 6, 2021." This court granted Elam's motion to expedite the appeal pursuant to Illinois Supreme Court Rule 311(b) (eff. July 1, 2018). Elam, the objectors, and the Board filed briefs in this appeal.

¶ 8                                        ANALYSIS

¶ 9    Elam first argues that the Board lacked subject matter jurisdiction because the objectors' petition "failed to carry or show any information, stamp, or receipt as to what day and time it was filed."

¶ 10    An electoral board is viewed as an administrative agency and the applicable standard of review depends on the type of question being reviewed. *Cinkus v. Village of Stickney Municipal Officers Electoral Board*, 228 Ill. 2d 200, 212 (2008). Although Elam frames the issue as a matter of subject matter jurisdiction subject to *de novo* review, the true issue is whether the objectors' petition was timely filed, as indicated by the day and hour reflected on the Village receipt. This constitutes a question of fact. An electoral board's "findings and conclusions on questions of fact are deemed *prima facie* true and correct" and we will not overturn such findings on appeal unless

they are against the manifest weight of the evidence. *Harned v. Evanston Municipal Officers Electoral Board*, 2020 IL App (1st) 200314, ¶ 12. A factual finding "is against the manifest weight of the evidence when the opposite conclusion is clearly evident." *Cinkus*, 228 Ill. 2d at 210. Where a circuit court has reviewed an electoral board's decision, we review the board's decision and not the decision of circuit court. *Burns v. Municipal Officers Electoral Board of Village of Elk Grove Village*, 2020 IL 125714, ¶ 10.

¶ 11    Under section 10-8 of the Election Code (10 ILCS 5/10-8 (West 2020)), "nomination papers *** shall be deemed to be valid unless objection thereto is duly made in writing within 5 business days after the last day for filing the certificate of nomination or nomination papers." When an objection is filed, "the State Board of Elections, election authority or local election official shall note the day and hour upon which such objector's petition is filed." *Id.*

¶ 12    Here, it is undisputed that the last day to file nomination papers was December 21, 2020. It is likewise undisputed that under section 10-8, objections to Elam's nomination papers were required to be filed within 5 business days after that date. *Id.* Elam argues that it is unknown whether the objectors' petition was timely filed because no time stamp appeared on the face of the petition. But nothing in the plain language of section 10-8 requires a time stamp to appear on the objectors' actual petition; rather, the statute requires the Village to "*note* the day and hour upon which such objector's petition is filed." (Emphasis added.) *Id.* Elam offered no evidence establishing that the Village failed to record "the day and hour" that the objectors' petition was filed or rebutting the presumption of the petition's validity created by its acceptance and filing of the petition. See *Zurek v. Petersen*, 2015 IL App (1st) 150508, ¶¶ 8, 11 (municipality's acceptance and filing of an objector's petition created a reasonable inference that the required number of

copies were filed); *Thomas v. Powell*, 289 Ill. App. 3d 143, 147 (1997) (a court cannot rely on "mere assertions by a party" that he timely filed nomination papers). Therefore, the Board's factual finding that the objectors' petition was validly filed is not against the manifest weight of the evidence. As such, the Board was vested with subject matter jurisdiction. *Thomas v. Powell*, 289 Ill. App. 3d 143, 147 (1997).

¶ 13    In an argument not presented to the Board, Elam claims that the Board lacked subject matter jurisdiction because "the objectors' petition was filed on December 30, 2020—a day later than the statutory date of December 29, 2020." Elam argues that December 29 was the last day to file an objection because December 24 should be counted as a business day. We cannot review this claim because it is well-settled "that if an argument, issue, or defense is not presented in an administrative hearing, it is procedurally defaulted and may not be raised for the first time" on administrative review. *Cinkus*, 228 Ill. 2d at 212.

¶ 14    As to the merits of the objectors' petition, Elam argues that the circulators did not violate the prohibition against "dual-circulation" by collecting signatures on behalf of a democratic candidate for the consolidated primary election and an independent candidate for the consolidated general election. Specifically, he maintains that the petitions were circulated in different phases of an election cycle.

¶ 15    Whether the circulation of Elam's nomination petitions complied with the Election Code presents a question of law that we review *de novo*. *Burns*, 2020 IL 125714, ¶ 10; *Wilson v. Municipal Officers Electoral Board for the City of Calumet City*, 2013 IL App (1st) 130957, ¶ 18.

¶ 16    The election at issue here is a partisan "consolidated" election. Consolidated elections are held in odd-numbered years whereas general elections are held in even-numbered years. 10 ILCS

5/2A-1.1 (West 2020). In a partisan consolidated election, a candidate may run as part of an established political party or an independent. *McCaskill v. Municipal Officers Electoral Board for the City of Harvey*, 2019 IL App (1st) 190190, ¶ 35. Elam chose to run for a position as Village Trustee as an independent. Nomination petitions "are never circulated" for independent candidates "for primary elections, whether consolidated or general, because independent candidates do not run in primary elections." *Wilson*, 2013 IL App (1st) 130957, ¶ 18. On the other hand, "petitions for party candidates are generally only circulated for primary elections, because after the primary election, the party candidate has been selected and no further petitions are circulated." *Id.*

¶ 17    Under section 10-4 of the Election Code (10 ILCS 5/10-4 (West 2020)), "no person shall circulate or certify petitions for candidates of more than one political party, or for an independent candidate or candidates in addition to one political party, to be voted upon at the next primary or general election, or for such candidates and parties with respect to the same political subdivision at the next consolidated election." This provision is referred to as the prohibition against "dual-circulation" of nominating petitions. *McCaskill*, 2019 IL App (1st) 190190, ¶ 35.

¶ 18    In this case, we must decide whether an individual can circulate candidate petitions for signatures on behalf of a political party candidate for the consolidated primary election and then circulate petitions on behalf of an independent candidate for the consolidated general election. The parties acknowledge that there is a conflict among the first and fourth appellate districts on this issue.

¶ 19    Elam relies on *Sandefur v. Cunningham Township Officers Electoral Board*, 2013 IL App (4th) 130127, ¶ 21, a fourth district case finding that "section 10-4 of the Election Code does not prohibit any person from circulating petitions for a political party in a consolidated primary and

later circulating a petition for an Independent candidate in a consolidated general election." The objectors and Board rely on *Wilson*, 2013 IL App (1st) 130957, ¶ 18, a decision issued in the first district that reached the opposite conclusion. The *Wilson* court held that a circulator is prohibited under section 10-4 from circulating nominating petitions on behalf of a political party candidate for a consolidated primary election and on behalf of an independent candidate in the consolidated general election. *Id.* This court in *Wilson* reasoned that section 10-4 applies to "a given election cycle, whether it be a consolidated or a general election cycle," otherwise the prohibition against circulating petitions on behalf of an independent candidate would be "a nullity" because petitions are not circulated for those candidates in a primary election. *Id.* ¶ 18.

¶ 20    Notwithstanding that fact that we are not "bound to follow the decision of another district when this district has made a determination of its own contrary to that of another district or there is a split of authority among the districts," we find no basis to depart from the reasoning set forth in *Wilson. Deutsche Bank National Trust Co. v. Iordanov*, 2016 IL App (1st) 152656, ¶ 44. Moreover, in *McCaskill*, 2019 IL App (1st) 190190, ¶ 39, a recent decision involving a nonpartisan consolidated election, this court noted that section 10-4's "dual-circulation" prohibition in "the context of partisan consolidated elections" is easy to apply, finding that "[a]n individual may not circulate petitions for candidates of two different political parties, or for a partisan candidate and an independent, for city offices to be voted on within the same election cycle."

¶ 21    Based on the court's analysis in *Wilson* and *McCaskill*, we find that the nominating petition sheets circulated by Denise Manuel, Natalie Unruh, and Martin Perez were invalid under section 10-4 because they circulated nominating petitions on behalf of a political party candidate and an independent candidate in the same election cycle. Striking those signatures rendered Elam's

nominating papers invalid for having less than the undisputed statutory minimum of 47 validly collected signatures. Therefore, Elam's name shall not appear on the ballot for the office of Village Trustee for the consolidated general election occurring on April 6, 2021.

¶ 22                                    CONCLUSION

¶ 23        Based on the foregoing analysis, we affirm the Board's decision striking Elam's name from the ballot for the consolidated general election to be held on April 6, 2021.

¶ 24        Affirmed.